# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON FKA BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC. CHL MORTGAGE PASS-THROUGH 2006-OA4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA4 | Case No.: 2:16-cv-00717-RFB-BNW |
| | **ORDER** |
| Plaintiff, | |
| v. | |
| WILLOW CREEK COMMUNITY ASSOCIATION ICKWORTH COURT TRUST RED ROCK FINANCIAL SERVICES, LLC | |
| Defendants. | |
| ICKWORTH COURT TRUST Counter Claimant | |
| v. | |
| BANK OF NEW YORK MELLON FKA BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC. CHL MORTGAGE PASS-THROUGH 2006-OA4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA4 | |
| Counter Defendant | |

## I.    INTRODUCTION

Before the Court are Defendant Ickworth Court Trust's ("Ickworth")  Motion for Summary Judgment, Plaintiff Bank of New York Mellon's Motion for Summary Judgment ("BNY"), Defendant

- 1 -

Ickworth Court Trust's Motion for Leave to File Supplement Opposition, and Plaintiff Bank of New York Mellon's Motion to Certify Question of Law Before the Nevada Supreme Court. ECF Nos. 41, 41, 48 50. For the following reasons, the Court grants Plaintiff's Motion for Summary Judgment in part and denies all other motions.

## II.     PROCEDURAL BACKGROUND

BNY filed its complaint on March 31, 2016.  ECF No. 1.  In the complaint BNY seeks quiet title/ declaratory judgment and injunctive relief. The complaint also asserts causes of action for breach of Chapter 116 of the Nevada Revised Statutes ("NRS"), wrongful foreclosure, and deceptive trade practices under NRS 598.0923. Ickworth answered on May 2, 2016 and asserted counterclaims for quiet title and declaratory relief. Defendant Red Rock Financial Services LLC ("Red Rock") filed a motion to dismiss on May 4, 2016. Defendant Willow Creek Community Association answered on September 30, 2016. On November 22, 2016, the Court administratively stayed the case and denied all pending motions without prejudice pending the mandate issued in Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154 (9th Cir. 2016), cert denied 137 S. Ct. 2296 (2017). The Court lifted the stay on September 17, 2018. ECF NO. 36. On January 17, 2019 both Ickworth and BNY moved for summary judgment. ECF Nos. 41, 42. Both motions were fully briefed. ECF Nos. 43, 44, 45, 46, 47. On March 27, 2019, Ickworth moved for leave to file supplemental opposition to BNY's motion for summary judgment. ECF No. 48. BNY filed an opposition and a motion to certify a question of law to the Nevada Supreme Court. ECF Nos. 49, 50.

## III.     FACTUAL BACKGROUND

The Court finds the following facts to be undisputed.

Darrell Williams purchased real property located at 10829 Ickworth Court, Las Vegas, Nevada 89135 in December 2005 ("the property"). Williams financed ownership of the property by way of a loan in the amount of $1,000,000.00 as evidenced by a note and secured by a deed of trust (the senior deed of

trust) recorded on January 12, 2006. The property was subject to the covenants, conditions and restrictions (CC&Rs) of the Willow Creek Community Association ("HOA").  The senior deed of trust was assigned to BNY on April 22, 2011.

Williams fell behind on HOA dues. Subsequently the HOA, through its agent Red Rock, recorded a lien for delinquent assessments on December 6, 2010. On February 8, 2011 the HOA through its agent recorded a notice of default and election to sell pursuant to the lien for delinquent assessment.

On February 23, 2011, Miles Bauer Bergstrom & Winters ("Miles Bauer") on behalf of then-loan servicer and nonparty Bank of America[1] ("BANA") sent a letter to Red Rock requesting the amount of the superpriority portion of the lien. Red Rock responded to the Miles Bauer letter by stating that the current amount owed was $10,267.72 and providing a payoff listing amounts due. The HOA's monthly assessments were $240.00 at the time. The payoff did not list any maintenance or nuisance abatement charges due as of December 2010.

On April 1, 2011 Miles Bauer sent a check for $2,340.00 to the HOA through Red Rock. Red Rock, on behalf of the HOA, rejected the payment.

On August 29, 2012, Red Rock recorded a notice of foreclosure sale against the property. The sale occurred on January 22, 2013. Ickworth purchased the property for $28,100 at the sale.

## IV.    LEGAL STANDARD
### a.  Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

---

[1] The Court takes judicial notice of the fact that Bank of America became the successor de jure of BAC Home Loans Servicing, LP fka Countrywide Home Loans, Inc. in 2011. See Fed. R. Evid. 201(b)(1); (d).

- 3 -

accord <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322(1986).When considering the propriety of summary

judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving

party. <u>Gonzalez v. City of Anaheim</u>, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its

burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as

to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find

for the nonmoving party, there is no genuine issue for trial." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007)

(alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the

summary judgment stage. <u>Zetwick v. Cty. of Yolo</u>, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### b. Motion to Certify Question to Nevada Supreme Court

Under Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District

Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion or upon

the motion of any party to the cause." Nev. R. App. P. 5(a)—(b). The Nevada Supreme Court has the

power to answer such a question that "may be determinative of the cause then pending in

the certifying court and ... [where] it appears to the certifying court there is no controlling precedent in

the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a). Rule 5 also provides that

a certification order must specifically address each of six requirements:

> (1) The questions of law to be answered; (2) A statement of all facts relevant to the
> questions certified; (3) The nature of the controversy in which the questions arose; (4) A
> designation of the party or parties who will be the appellant(s) and the party or parties who
> will be the respondent(s) in the Supreme Court; (5) The names and addresses of counsel
> for the appellant and respondent; and (6) Any other matters that the certifying court deems
> relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

"Use of the certification procedure in any given case 'rests in the sound discretion of the federal court.'" Louie v. U.S., 776 F.2d 819, 824 (9th Cir. 1985). "Even where state law is unclear, resort to the certification process is not obligatory." Riordan v. State Farm Mut. Auto. Ins. Co., 589 F.3d 999, 1009 (9th Cir. 2009).

## V.    DISCUSSION

### a.  Statute of Limitations

The Court first discusses whether Ickworth's arguments regarding the statute of limitations, raised for the first time in its reply brief to its own motion for summary judgment, may properly be considered by the Court. A court may consider new arguments or evidence raised for the first time in a reply brief so long as it gives the opposing party an opportunity to respond. Spencer v. Sharp, 487 F.App'x 424, 425 (9th Cir. 2012); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). After Ickworth raised the statute of limitations defense in its reply brief, it moved for leave to file supplemental opposition to BNY's motion for summary judgment. BNY responded to the opposition, which was also styled in the alternative as a motion to certify questions to the Nevada Supreme Court. Because BNY did in fact respond to Ickworth's arguments regarding the statute of limitations, the Court will consider them. The Court also notes that Ickworth raised the statute of limitations as an affirmative defense in its answer, and so BNY cannot claim prejudice by Ickworth's raising of the issue. Cf. Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984)(finding that party can raise affirmative defense for first time at summary judgment if opposing party will not be prejudiced). Furthermore, the Court finds that Ickworth's reply brief and BNY's response are sufficient supplemental briefing on this issue. The Court thus denies Ickworth's motion for leave for supplemental opposition.

For statute of limitations calculations, the clock begins on the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). A cause of action accrues "when a suit may be maintained thereon." Id. In this case, the foreclosure sale was on January 22, 2013. The Court thus finds that all of BNY's claims began to run on the date of the foreclosure sale as these claims all stem from issues or disputes regarding the sale and its effect. BNY filed its complaint on March 31, 2016.

Ickworth argues that BNY's claims are time-barred pursuant to the statute of limitations under NRS 11.190(3), which provides a three-year statute of limitations for actions founded upon a statute. Nev. Rev. Stat. § 11.190(3). The Court agrees that BNY's claims are time-barred by NRS 11.190(3), but only to the extent that BNY's claims relate to a right protected by NRS 116.3116 and the violation of that right. Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n, 381 F.Supp.3d 1289, 1293 (D. Nev. 2019).

The Court thus finds that BNY's second and fifth causes of action, alleging violations of NRS 116.113 and NRS 598 respectively, are entirely time-barred. The remaining causes of action for quiet title/declaratory relief, wrongful foreclosure, and injunctive relief are foreclosed only to the extent violations of NRS 116.1113 are alleged. However, insofar as BNY's remaining claims rely on constitutional and equity arguments, they fall within the four-year catch-all provision at NRS 11.220 and are therefore timely. Nev. Rev. Stat §11.220. Carrington, 381 F.Supp.3d at 1293.

BNY argues that it is entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. Nev. Rev. Stat. §§ 11.070, 11.080. However, this Court has previously found that the five -year limitations period does not apply to quiet-title claims such as BNY's under NRS 11.070 or NRS 11.080. This is because NRS 11.070 and NRS 11.080 do not apply to claims by parties that hold only a lien interest, rather than title to the property. Carrington, 381 F.Supp.3d at 1293. BNY cites to other judges within this district who have found otherwise. The opinions of other

district court judges are not binding authority on this Court except in limited circumstances that do not apply here. L.R. IA 7-3 (f); see also U.S. Bank Nat'l Ass'n v. SFR Investments Pool 1, LLC , 376 F.Supp.3d 1085, 1090 (D. Nev. 2019) (explaining why orders of other district court judges who have found five-year limitations period to apply are not persuasive).

BNY also argues that it is not subject to any statute of limitation for its declaratory relief claims pursuant to City of Fernley v. State Dep't of Tax., 366 P.3d 699 (Nev. 2016). While Nevada law recognizes that "[t]he statute of limitations applies differently depending on the type of relief sought" and that "claimants retain the right to prevent future violations of their constitutional rights [through prospective relief]," Fernley, 366 P.3d at 706, the relief BNY seeks is retrospective in nature. BNY argues that the relief it seeks is prospective: whether BNY can proceed to judicially foreclose on the senior deed of trust. But as the Court has previously explained, to so find, the Court would first need to award retrospective relief by finding that the foreclosure sale did not extinguish the deed of trust or that the foreclosure sale was void, meaning a deed of trust existed on which the judicial foreclosure claim could proceed. Carrington, 381 F.Supp.3d at 1294.

BNY next argues that a nonjudicial foreclosure based upon the deed of trust is not subject to a statute of limitations under NRS Chapter 11. BNY specifically relies on the case Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr.. 401 P.3d 1068, 1070 (Nev. 2017) (en banc). But again, as previously discussed by this Court, Facklam, holds only that a statute of limitations does not operate to bar a nonjudicial foreclosure, because foreclosure is neither a civil nor a criminal judicial proceeding. Facklam does not hold that a statute of limitations cannot bar a *judicial action* challenging a nonjudicial foreclosure. Carrington, 381 F.Supp.3d at 1293-94.

Finally, BNY urges the Court to certify the question as to the applicable statute of limitations for declaratory relief to the Nevada Supreme Court. BNY explains that there is a split within the District of

Nevada as to the applicable statute of limitations and that the Nevada Supreme Court has yet to issue any controlling precedent. This Court exercises its discretion to decline to certify this question to the Nevada Supreme Court. The Court does not find it necessary to further prolong these proceedings because it finds that the state law is in fact sufficiently clear on this matter.

### b. Tender

Having addressed the limitations question, the Court now turns to BNY's equitable claims that are not time-barred, specifically the equitable question of tender, which it finds to be dispositive of this case. BNY argues that tender by its predecessor Bank of America redeemed the deed of the trust. The Court agrees.

The super-priority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). Pursuant to NRS 116.31162, a homeowner has at least 90 days following notice to pay the HOA's super-priority lien before an HOA may proceed to foreclosure sale. See NRS 116.31162; SFR Investments Pool 1, 334 P.3d at 411.

Ickworth disputes the sufficiency of BNY's evidence supporting the alleged tender. The delivery of tender is supported by an affidavit of Douglas E. Miles, an employee of Miles, Bauer, Bergstrom and Winters, letters allegedly sent from Miles Bauer employee Rock Jung to Red Rock, and a copy of the check. The affidavit also attaches includes business records from the HOA's agent listing the payoff amount and entries from a Miles Bauer internal database showing that the proffered check was rejected. Ickworth argues that Miles cannot claim to have personal knowledge of and sufficiently authenticate the Willow Creek Community Association ledger or Red Rock ledger. But the Ninth Circuit has already held that business records a party receives from others may be admissible under Rule 803(6) of the Federal

Rules of Evidence when those records are kept in the regular course of business, relied upon by that business, and the business has a substantial interest in the accuracy of the records." MrT Cons. Inc. v. Hardrive, Inc, 158 F.3d 478, 483 (9th Cir. 1998). The Court agrees with BNY that the Miles Bauer affidavit fulfills those requirements.

Ickworth also disputes whether BNY paid the full superpriority portion amount. There is nothing in the record to indicate that the HOA charged maintenance or nuisance and abatement fees. Thus the Court finds that BNY's tender of $2,340 met or exceeded the nine months of assessments, which at $240 a month would have totaled $2,160. The Court also rejects Ickworth's argument, relying in part on a wholly inapposite Nebraska Supreme Court case, that the fact that the check was a trust account check rather than a cashier's check renders the tender invalid. There is nothing in the text of NRS Chapter 116 to support such a proposition.

Ickworth further argues that the Miles Bauer letter contained impermissible conditions that violate NRS Chapter 116. The Court disagrees. To the extent the tender was conditional, the Court finds that the conditions were ones on which BNY's predecessor had a right to insist. The tender was presented with the following condition:

> This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that BAC's financial obligations towards the HOA in regards to the real property located at 10829 Ickworth Court have now been "paid in full".

ECF No. 42-6, Exhibit F-6. The Nevada Supreme Court has expressly held that substantively identical language constitutes a condition upon which a tenderer has the right to insist. Bank of Am., N.A. v. SFR Investments Pool 1, LLC ("Diamond Spur"), 427 P.3d 113, 116–18 (Nev. 2018). Thus, the Court finds that the tender did not carry an improper condition.

- 9 -

Finally, Ickworth argues that the tender needed to have been recorded in order to conform with the doctrine of equitable subrogation, which "permits a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance." In re Fontainebleau Las Vegas Holdings, 289 P.3d 1199, 1209 (Nev. 2012) (internal citations omitted). Under Ickworth's reasoning, a tender would need to be recorded because it operates as a conveyance of an equitable assignment of the lien. However, the Nevada Supreme Court has already rejected this argument in Diamond Spur. 427 P.3d 113. In that case, the Nevada Supreme Court explained that tender of the superpriority portion of the lien did not need to be recorded because it "does not create, alienate, assign, or surrender an interest in land," but rather "*preserves* a pre-existing interest, which does not require recording." Id. at 119. Because no assignment of an interest has occurred, equitable subrogation is not applicable and so the Court rejects this argument.

Having found that BNY's tender satisfied the superpriority of the HOA lien, the Court addresses whether Ickworth Court is a bona fide or subsequent purchaser such that it still assumed title to the property free and clear of BNY's interest. The Court again relies on the Nevada Supreme Court's holding in Diamond Spur that a party's status as a bona fide purchaser is irrelevant when a defect in a foreclosure proceeding renders the sale void. Id. at 121. Because BNY's valid tender cured the default and voided the superpriority portion of the HOA sale, Ickworth purchased the property subject to BNY's deed of trust. Id.

Because the Court finds the question of tender dispositive, the Court declines to consider BNY's equitable arguments in the alternative and dismisses all remaining claims and counterclaims in this action. The Court also incorporates by reference its reasoning in Carrington, which explains in detail why the NRS Chapter 116 statutory scheme is not unconstitutional on its face. 381 F.Supp.3d at 1294 (D. Nev. 2019). The Court also finds that none of the facts alleged by BNY establish that its due process rights

were violated as applied, as BNY's predecessor-in-interest received notice of the HOA's intent to sell the property well before the HOA took any action to foreclose on the lien. Id. at 1295 (finding no as-applied unconstitutionality on similar facts).

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Bank of New York Mellon's Motion for Summary Judgment (ECF No. 42) is GRANTED as to tender and DENIED on all other grounds. The Court declares that Defendant Ickworth Court Trust acquired the property subject to Bank of New York Mellon's deed of trust. The Clerk of the Court is instructed to enter judgment in favor of Plaintiff on its quiet title /declaratory judgment claim.

**IT IS FURTHER ORDERED** that Defendant Ickworth Court Trust's Motion for Summary Judgment (ECF No. 41) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Ickworth Court Trust's Motion for Leave to File Supplemental Opposition (ECF No. 48) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff Bank of New York Mellon's Motion to Certify Question of Law to the Nevada Supreme Court (ECF No. 50) is DENIED.

**IT IS FURTHER ORDERED** that all remaining claims and counterclaims in this action are dismissed.

**IT IS FURTHER ORDERED** that the notice of lis pendens in this case, (ECF No. 12) is expunged.

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED: September 25, 2019.



**RICHARD F. BOULWARE, II**
**United States District Court Judge**

- 11 -